UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua R. Cowell,                                                       Case No. 5:22-cv-2084

                 Petitioner,

       v.                                                           MEMORANDUM OPINION
                                                                             AND ORDER

David W. Gray, Warden,

                 Respondent.

## I.     INTRODUCTION

Before me is the June 28, 2023 Report and Recommendation of Magistrate Judge Thomas M. Parker, recommending I grant Respondent David W. Gray's motion to dismiss *pro se* Petitioner Joshua R. Cowell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because Cowell's petition is untimely. (Doc. No. 10). Cowell has filed objections to Judge Parker's Report and Recommendation. (Doc. No. 13). For the reasons stated below, I overrule Cowell's objections and dismiss his petition.

## II.     BACKGROUND

In 2010, a Summit County, Ohio grand jury charged Cowell by indictment with three counts of kidnapping, one count of aggravated burglary, one count of felonious assault, and one count of rape. (Doc. No. 6-1 at 6-11). The charges arose from Cowell's actions on two consecutive days:

> On September 20, 2010, Victim C.F. went to [Mr. Cowell's] residence in regard to a desk listed for sale by [Mr. Cowell] and his wife. C.F. reported that [Mr. Cowell] held her at knifepoint and forced her to engage in oral sex. On September 21, 2010,

> Victim L.H. was attacked by [Mr. Cowell] while she slept in her bed. L.H. believed that [Mr. Cowell] was armed with a knife. L.H. sustained physical injuries during the attack. [Mr. Cowell] lived in close proximity to L.H.

*State v. Cowell*, 2022-Ohio-1742, 2022 WL 1663504, at *2 (Ohio Ct. App. May 25, 2022).

Cowell entered a plea of not guilty by reason of insanity. (Doc. No. 6-1 at 8, 12-13). After two psychiatric evaluations and two court hearings, the trial court concluded Cowell was competent to stand trial and legally sane at the time of the offenses. (*Id.* at 14-15). In April 2011, Cowell pled guilty to one count each of aggravated burglary, felonious assault, rape, and kidnapping. *State v. Cowell*, 2022 WL 1663504, at *1. The other two kidnapping counts were dismissed pursuant to a plea agreement, as were two sexually violent predator specifications and one sexual motivation specification. *Id.* Cowell received an aggregate sentence of twenty-five years in prison, which he did not appeal. *Id.*

Cowell began challenging his convictions and sentence in October 2015. Between that time and October 2018, Cowell filed a petition for postconviction release, two motions to vacate his convictions, and three complaints for writs of mandamus. (*See* Doc. No. 10 at 4-6). Each of these filings were unsuccessful.

During this period, class action litigation was ongoing against the manufacturer of a prescription antipsychotic medication called Abilify. Cowell previously was prescribed Abilify to treat his diagnosis of chronic paranoid schizophrenia. (Doc. No. 6-1 at 284). Cowell was admitted to an inpatient behavioral health center on September 12, 2010, after reporting a risk of self-harm. (*Id.* at 283). Cowell's daily dose of Abilify was increased during his stay, and he was discharged on September 18, 2010, a few days before the conduct underlying his offenses of conviction. (*Id.* at 282-84).

On August 3, 2016, Cowell contacted a law firm representing a class of plaintiffs in litigation against the manufacturer of Abilify but was told the firm could not assist him. (Doc. No. 9-1 at 1).

He subsequently became engaged in litigation a few years later and, on August 30, 2020, Frank A. Fetterolf, M.D., submitted a medical expert report in which Dr. Fetterolf concluded Abilify had caused Cowell's criminal conduct. (Doc. No. 6-1 at 285-87). Dr. Fetterolf's assessment was based upon his review of medical literature and Cowell's treatment records from the inpatient facility. (*Id.* at 287-89). Dr. Fetterolf did not interview or examine Cowell. (*Id.* at 285).

Cowell relied upon Dr. Fetterolf's report to pursue a motion for leave to file a motion for a new trial, on November 11, 2020, and a motion to withdraw his guilty plea, on April 14, 2021. The trial court denied both motions. Cowell did not appeal the denial of his motion for leave, though he did pursue an appeal of the denial of his motion to withdraw his plea to the Supreme Court of Ohio. (*See* Doc. No. 6-1 at 648). Cowell then filed his petition for a writ of habeas corpus on November 14, 2022.

### III.   STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. ANALYSIS

Federal habeas petitions by state court prisoners must be filed within one year of "the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Cowell's petition, as he describes it, raises "four claims for relief[,] all of which are related to his discovery in 2020 that the drug Abilify caused Petitioner's criminal behaviors." (Doc. No. 13 at 1). Cowell objects to Judge Parker's recommendation that I dismiss his petition as time-barred, arguing Judge Parker improperly "minimizes" the alleged importance of the side effects of Abilify. (*Id.*). He contends he did not learn of the adverse side effects of Abilify, and the alleged causal connection between his prescribed use of Abilify and his criminal conduct, until August 30, 2020, when he received Dr. Fetterolf's medical expert witness report, in which Dr. Fetterolf concluded Abilify had caused Cowell's criminal conduct. (*Id.* at 2, 4). Therefore, he contends, his petition is timely under § 2244(d)(1)(D). Cowell also argues he is entitled to equitable tolling of the limitations period if I conclude his petition is not timely. (*Id.* at 12). Finally, he claims his petition should not be barred by the statute of limitations because he has presented evidence of actual innocence. (*Id.* at 13-14).

I conclude Cowell's petition is barred by § 2244(d)'s one-year limitation period because he has not shown he acted with due diligence in pursing his Abilify claim. "'The "due diligence" clock starts ticking when a person knows or through diligence could discover the vital *facts*, regardless of when their legal significance is actually discovered.'" *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) (quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012)) (emphasis added by *Webb*). A petitioner shows he has acted with due diligence by pointing to "prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest" in challenging some part of the basis for his conviction. *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Judge Parker recommends I conclude Cowell knew of Abilify's potential connection to his behavior in August 2016 (when Cowell contacted a mass-torts plaintiff's attorney to inquire about filing a lawsuit against the makers of Abilify) and that the limitations period under § 2244(d)(1)(D) expired on September 15, 2017. (Doc. No. 10 at 17-18). Cowell objects to this recommendation. But he admits he knew Abilify had been connected to significant impulse control problems no later than December 2019, when commercials were televised regarding mass-tort litigation alleging Abilify had adverse, undisclosed side effects related to impulse control.[1] (Doc. No. 6-1 at 606). The information regarding Abilify's previously undisclosed side effects constitutes the factual predicate for his claim, not Dr. Fetterolf's later-issued expert opinion. *See Webb*, 679 F. App'x at 448. *See also Stokes v. Leonard*, 36 F. App'x 801, 804-05 (6th Cir. 2002) (holding petition was barred by § 2244(d)(1)(D) because petitioner failed to show an expert report was necessary to establish factual predicate for petitioner's claims).

---

[1] Cowell previously represented that he learned in 2016 that "blackouts, sleepwalking, memory loss, and compulsive and/or impulsive behavior" were side effects of Abilify. *State v. Cowell*, 2022 WL 1663504, *1 (Ohio Ct. App. May 25, 2022).

Based upon Cowell's admissions, I conclude he knew of the factual predicate for his claim no later than December 31, 2019.  The statute of limitations began to run by the following day, January 1, 2020, and it continued to run for over ten months, until November 11, 2020, when he filed his motion for leave to file a motion for a new trial.[2]  (*See* Doc. No. 10 at 6).  The state trial court denied his motion on November 24, 2020, and the limitations clock began to run again the following day.  The limitations period expired on January 14, 2021.  Cowell did not file his petition until November 14, 2022, approximately twenty-two months later.

Nor has Cowell shown he is entitled to equitable tolling.  A habeas petitioner may obtain equitable tolling of § 2244's limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  Cowell contends he could not have discovered the factual predicate of his claim any earlier because Abilify's adverse side effects were not disclosed to the public and he has limited access to medical journals and other information while in prison.  (Doc. No. 13 at 12).

But while these may have been obstacles, Cowell fails to show they constitute extraordinary circumstances.  He in fact learned of the factual predicate for his claim while in prison and he does not point to any circumstance which prevented him from filing his habeas petition within one year

---

[2]  Ohio law treats Cowell's motion for leave and his subsequent motion to withdraw his guilty plea (filed on April 14, 2021, after the § 2244(d)(1)(D) limitations period expired) as part of the direct-review process, rather than as motions for collateral relief, and state proceedings in the direct-review process toll the limitations period. *See, e.g., Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 611-12 (6th Cir. 2013) (citing *State v. Bush*, 773 N.E.2d 522, 526 (Ohio 2002)).  But "this state procedural ruling does not reset the federal AEDPA filing deadline nor does it alter the final conviction date for federal habeas petition purposes." *Goodballet v. Mack*, 266 F. Supp. 2d 702, 706 (N.D. Ohio 2003).

of the date on which he first learned of that factual predicate. I conclude Cowell is not entitled to equitable tolling of the limitations period.

Finally, Judge Parker recommends I conclude Cowell has not presented evidence of actual innocence which could excuse his untimely filing. (Doc. No. 10 at 21-22). As Judge Parker notes, Cowell raised this claim during his appeal of the denial of his motion to withdraw his plea and the state appellate court rejected it: "Because Mr. Cowell was previously determined to be sane at the time of the offense, Mr. Cowell cannot now offer expert psychiatric testimony to prove he lacked the requisite mens rea to commit these crimes or that Abilify *caused* him to involuntarily kidnap, assault, and rape the victims." *State v. Cowell*, 2022 WL 1663504, at *3.

Cowell objects to this recommendation, arguing that he offered Dr. Fetterolf's report not to show he lacked the requisite mens rea, but "to show that had the Petitioner known these facts at the time of the trial, . . . he would not have taken a plea." (Doc. No. 13 at 13). But Cowell's apparent claim that his plea of guilty was not knowing and voluntary is not the same as evidence that he is actually innocent of the crimes for which he is in prison. And Cowell has not presented any other evidence of actual innocence. Therefore, I overrule his objection and adopt Judge Parker's recommendation on this point as well.

### V.     CONCLUSION

For the reasons stated above, I overrule Cowell's objections, accept Judge Parker's recommendation, and grant Respondent's motion to dismiss. (Doc. No. 6).

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Cowell's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
